IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CR-94-57-D |
| ) | |
| MARCUS RUSELL MILLER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is the "Petition for a Writ of Nunc Pro Tunc," filed *pro se* by Defendant Marcus R. Miller on June 17, 2009. Defendant cites 28 U.S.C. § 2241 and captions his pleading as a habeas action against the Bureau of Prisons ("BOP").[1] A challenge to the execution of a sentence should be brought under § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). However, the factual allegations of the Petition show Defendant is not in federal custody; he has been in state custody and confined in state correctional facilities since his federal sentence was imposed in 1994.[2] Further, the case record shows Defendant appeared in federal court pursuant to a writ of habeas corpus ad prosequendum,[3] and was sentenced by United States District Judge Ralph G. Thompson on November 30, 1994, to a 60-month prison term to be served consecutively to any prior sentence.

---

[1] The caption also includes Greg Williams, who is the warden of the Oklahoma State Reformatory at Granite, Oklahoma, where Defendant is currently incarcerated.

[2] Due to his consecutive sentences discussed below, however, Defendant satisfies the "in custody" requirement of federal habeas statutes as defined in *Peyton v. Rowe*, 391 U.S. 54, 67 (1968).

[3] Such a writ effects a conditional or temporary transfer, not a permanent change, of custody. *See Binford v. United States*, 436 F.3d 1252, 1255-56 (10th Cir. 2006). A state does not relinquish jurisdiction over a prisoner "by his production in federal court for sentencing; he continue[s] to be a 'state prisoner.'" *Hernandez v. United States Att'y Gen.*, 689 F.2d 915, 918 (10th Cir. 1982).

Defendant claims he "is entitled to have the BOP designate the Oklahoma Department of Corrections as the facility where he is to serve his federal sentence" under the authority of 18 U.S.C. § 3621(b).[4]  *See* Petition [Doc. 25] at 2.  The cited statute is inapplicable, however, because Defendant is not currently serving a federal sentence.  "Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences 'on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'  A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."  *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006).  The Bureau of Prisons has no occasion to designate a place of imprisonment until Defendant is received into federal custody and his federal sentence commences.  *See Hernandez v. United States Attorney General*, 689 F.2d 915, 919 (10th Cir. 1982) (under the predecessor statute, 18 U.S.C. § 4082, "the Attorney General was in no position to designate a place of confinement" until the defendant was delivered to federal custody to serve his federal sentence).

What Defendant seeks, in effect, is to receive credit against his federal sentence for time served in state custody and to serve his state and federal sentences concurrently.  *See Harvey v. Gallegos*, 290 F. App'x 142, 144 (10th Cir. 2008) (Bureau of Prisons may transfer a prisoner to state custody for confinement in a state facility pursuant to § 3621(b) to serve concurrent federal and state sentences); *see also Powell v. Booker*, 82 F. App'x 198, 200 (10th Cir. 2003) (Bureau of Prisons may designate a state facility "for service of a federal sentence when it would be consistent with the intent of the federal sentencing court" for concurrent state and federal sentences).  The relief sought

---

[4] Section 3621 authorizes BOP to have custody of a person who receives a federal prison sentence and to designate the place of imprisonment.  The statute specifically permits BOP to "designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise . . . ."  18 U.S.C. § 3621(b).

is precluded by Judge Thompson's imposition of a consecutive term of imprisonment, as authorized by 18 U.S.C. § 3584. Defendant presents no basis for relief from his consecutive sentence, and the time for seeking such relief under 28 U.S.C. § 2255 has expired. Accordingly, upon preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[5] the Court finds that Defendant is not entitled to relief and the Petition should be summarily dismissed.[6]

IT IS THEREFORE ORDERED that Defendant's Petition [Doc. No. 25] is DISMISSED with prejudice.

IT IS SO ORDERED this 13th day of July, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] The Court exercises its discretion to apply the Section 2254 Rules to the § 2241 Petition. *See* Rule 1(b), Rules Governing Section 2254 Cases (permitting application of rules to other habeas petitions); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

[6] While a federal prisoner must exhaust administrative remedies before seeking relief under § 2241, "a court may deny an application on the merits without reviewing the exhaustion question." *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).